FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| RONALD W. BUNTON, #620942 § | |
| § | |
| V. § | CIVIL ACTION NO. G-02-598 |
| § | |
| MONROE KRUEZER § | |

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff Ronald W. Bunton, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983.  On August 6, 2004, an Order of Dismissal and Final Judgment were entered by Order of the District Court.  Plaintiff subsequently appealed the case. On February 1, 2006,  the United States Court of Appeals for the Fifth Circuit affirmed the District Court's finding on the issue of deliberate indifference to serious medical needs, but vacated and remanded in part Plaintiff's claim regarding solitary confinement as a pre-trial detainee, specifically because Defendant produced no summary judgment evidence to rebut the claim.  This Court thereafter ordered Defendant to submit a dispositive motion on the issue of solitary confinement.  On November 21, 2006, Defendant filed a Supplement to Motion for Summary Judgment on the Issue of Solitary Confinement, to which  Plaintiff  filed a response.  Having reviewed all relevant pleadings and summary judgment evidence, the Court issues its Report and Recommendation to the District Court.

The only remaining issue to be addressed in this cause is whether Plaintiff was placed in solitary confinement at the Chambers County jail in violation of his constitutional rights as a pretrial detainee.  Plaintiff began his incarceration at the jail on April 30, 2002 and complains that he was unconstitutionally placed in solitary confinement when he requested medical care.  Summary

1

judgment evidence produced by the Defendant, however, shows that Plaintiff was not placed in solitary on April 30, 2002, but, rather, was placed in a hold-over cell that is used for all inmates when they are booked in and awaiting cell assignment.[1]  Five other inmates were placed in the same cell, on the same day, until they received their cell assignment.  This is standard procedure for every inmate who is booked into the jail.  Once inmates receive their cell assignment, they are removed to that cell.

Plaintiff's constitutional rights as a pretrial detainee at the time of the alleged deprivation are considered under the Due Process Clause of the Fourteenth Amendment.  *Edwards v. Johnson,* 209 F.3d 772, 778 (5th Cir. 2000).  Courts apply different tests when "analyzing constitutional challenges by pretrial detainees" depending upon whether the challenge is classified "as an attack on a 'condition of confinement' or as an 'episodic act or omission.'"  *Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997).  An episodic act or omission case occurs "where the complained-of harm is a particular act or omission of one or more officials."  *Id.*  A challenge constitutes an attack on conditions of confinement when the detainee attacks "general conditions, practices, rules, or restrictions of pretrial confinement."  *Id.*  Challenges to general conditions of confinement require application of the "reasonable relationship" test of *Bell v. Wolfish*, 441 U.S. 520 (1979).  Under that test, "a constitutional violation exists only if [the court finds] that the condition of confinement is not reasonably related to a legitimate, non-punitive governmental objective."[2]  *Id.*

Clearly, placing inmates in a holding cell when they are first booked into the jail is

---

[1]  See Defendant's Supplement to Motion for Summary Judgment (document 93), p. 5; and Exhibit B.

[2]  Despite the differentiation between the two tests, the "reasonable relationship test employed in condition cases is 'functionally equivalent to' the deliberate indifference standard employed in episodic cases.'"  *Scott*, 114 F.3d at 54.

reasonably related to the legitimate, non-punitive objective of orderly jail management. They remain in the hold-over cell only as long as it takes to receive a cell assignment. Plaintiff's alleged deprivation of being placed in solitary is factually baseless and does not amount to a violation of a constitutional right. Moreover, Plaintiff suffered no harm while in the hold-over cell, nor has he alleged any. Because he suffered no physical harm, he is not entitled to relief under 42 U.S.C. § 1997e(e).

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the instant cause be **DISMISSED with prejudice as frivolous**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same. The Plaintiff shall have until **March 23, 2007,** in which to have written objections physically on file in the Office of the Clerk. The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the     5th     day of March, 2007.

John R. Froeschner
United States Magistrate Judge